UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT NAMER**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 15-3130**

**BANK OF AMERICA, N.A.**                                                     **SECTION I**

## ORDER AND REASONS

The Court has pending before it a motion[1] filed by defendant, Bank of America, N.A. ("Bank of America"), to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), and to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiffs oppose the motion.[2] For the following reasons, the motion to dismiss pursuant to Rule 12(b)(2) is **GRANTED** and the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The above-captioned matter arises out of earlier litigation involving plaintiff, Robert Namer ("Namer"), and an alleged corporate takeover scheme executed by non-parties to this litigation.[3] Having settled with those alleged usurpers,[4] Namer and various corporate entities now pursue supplemental vindication, in this and other related lawsuits, against a host of other parties allegedly in some way involved in the takeover. In this particular matter, plaintiffs[5] allege that Bank of

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 32.
[3] R. Doc. No. 25, at 6.
[4] R. Doc. No. 25, at 14, 15.
[5] In the original complaint, Namer was the only named plaintiff. R. Doc. No. 1, at 2. Namer later amended the complaint to add as plaintiffs IAR Company, Business Management Information System, Inc., and American Academy of Pool Designers, Inc., all Nevada corporations doing business in Louisiana. R. Doc. No. 25, at 2.

America acted negligently, breached a contract, and/or conspired with the parties attempting the corporate takeover by improperly removing Namer's name from specified bank accounts.[6]

With respect to the issue of personal jurisdiction, plaintiffs allege that Bank of America is "a corporate citizen of North Carolina . . . because its main office is located" in Charlotte, North Carolina.[7] Plaintiffs further allege that Bank of America "has systematic and continuous contacts with the State of Louisiana, including but not limited to: providing business loans to customers in Louisiana, providing home loan modifications to customers in Louisiana, and 'investing in the economy of Louisiana through philanthropy and volunteerism,' such that bringing them before this Court is fully compatible with traditional notions of fair play and substantial justice; and upon the further grounds that this lawsuit arises out of facts and circumstances that transpired in whole or in part within the State of Louisiana."[8]

## LAW & ANALYSIS

Of the many grounds for dismissal articulated by Bank of America, the first basis suffices. Plaintiffs have failed to establish a prima facie case that Bank of America is subject to personal jurisdiction in Louisiana with respect to their claims.

**A.    Standard on Motions to Dismiss for Lack of Personal Jurisdiction**

A defense of lack of personal jurisdiction may be asserted through a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. "The plaintiff has the burden to make a prima facie showing that personal jurisdiction is proper." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

---

[6]*See generally* R. Doc. No. 25.
[7]R. Doc. No. 25, at 2.
[8]R. Doc. No. 25, at 1-2.

When a foreign defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the Court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case that the Court has jurisdiction over a defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).[9] If the defendant disputes the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks omitted) (citations omitted). The Court should not, however, act as a fact finder and it must construe all disputed facts in the plaintiff's favor. *Id.*[10]

**B.    Personal Jurisdiction**

A federal court may only exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Because the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits, the

---

[9]While the plaintiff must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

[10]In opposition to the motion to dismiss, plaintiffs do not request any discovery with respect to the issue of personal jurisdiction. Furthermore, because plaintiffs' factual allegations are plainly insufficient to establish a prima facie case of general personal jurisdiction, the Court need not rely on the additional materials submitted by Bank of America.

Court need only consider the second step of the inquiry. *Walk Haydel*, 517 F.3d at 242-43 (citing *A&L Energy, Inc. v. Pegasus Grp.*, 791 So. 2d 1266, 1270 (La. 2001)).

"[T]he Fourteenth Amendment Due Process clause requires satisfaction of a two-prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'" *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (citing *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).

"Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). The Fifth Circuit "applies a three-step analysis for the specific jurisdiction inquiry":

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities towards the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause

4

> of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* at 433.

"[T]he proper consideration when determining general jurisdiction is whether the defendant's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Id.* at 432 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). General jurisdiction over a defendant in a particular state subjects that defendant to claims arising anywhere in the world, whether related to the defendant's contacts with the state or not. *See Daimler*, 134 S. Ct. at 761-62.

Bank of America contends that plaintiffs fail to establish either specific jurisdiction or general jurisdiction.[11] In a terse response, plaintiffs argue that Bank of America has sufficient contacts with Louisiana, but they do not respond to Bank of America's contention that specific personal jurisdiction is absent, nor do they argue that their claims in the above-captioned matter arise out of Bank of America's contacts with Louisiana.[12] Indeed, plaintiffs' arguments regarding Bank of America's contacts with Louisiana and potential claims arising therefrom are strictly hypothetical and divorced from any articulated connection to the alleged facts of this case.[13] Because plaintiffs do not articulate how their claims "aris[e] out of or result[] from the defendant's forum-related contacts," *Monkton*, 768 F.3d at 433, the Court agrees with Bank of America that plaintiffs have abandoned specific jurisdiction as a basis for personal jurisdiction and instead proceed solely on a

---

[11]R. Doc. No. 29, at 10-15.
[12]*See* R. Doc. No. 32, at 2-3.
[13]R. Doc. No.3 2, at 3 ("Obviously, loans which pertain to immovable property (real property) in the State of Louisiana would implicate the public policy concerns of the state and give the state an interest in providing a forum for its residents to litigate *disputes regarding those loans* . . . .") (emphasis added).

5

theory of general jurisdiction.[14]

The Supreme Court recently addressed the exacting requirements for establishing general personal jurisdiction in *Daimler AG v. Bauman*. 134 S. Ct. 746 (2014). In *Daimler*, plaintiffs asserted general personal jurisdiction over a German car manufacturer based on its contacts with the state, as well as the contacts of its Delaware/New Jersey subsidiary that imported and distributed cars in California. *See id.* at 751.

Reviewing its prior decisions, the Supreme Court reiterated that "a court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 754. The corporation's "place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 760 (internal quotation marks and alteration omitted). A corporation is *not* subject to general jurisdiction in every state in which it does significant business; the Supreme Court rejected the argument that a corporation is at home "in every State in which [it] engages in a substantial, continuous, and systematic course of business." *See id.* (internal quotation marks omitted).

In *Daimler*, ten percent of the subsidiary's United States sales, and 2.4% of the parent's worldwide sales, took place in California. *Id.* at 752. The Supreme Court held that these contacts with California did not suffice to subject the parent to general jurisdiction. *See id.* at 761-62. Those contacts, even if "continuous and systematic," simply did not make the parent corporation "at home" in California. *See id.* Following *Daimler*, the Fifth Circuit has stated that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place

---

[14]R. Doc. No. 32, at 2-3.

of business." *Monkton*, 768 F.3d at 432.

**C.     Analysis**

As noted above, plaintiffs allege that Bank of America is a non-Louisiana corporation that "has systematic and continuous contacts with the State of Louisiana, including but not limited to: providing business loans to customers in Louisiana, providing home loan modifications to customers in Louisiana, and 'investing in the economy of Louisiana through philanthropy and volunteerism.'"[15] In light of the strict and high bar required to establish general jurisdiction set forth in *Daimler*, these rudimentary allegations patently fail.

Taking plaintiffs' factual allegations as true, they establish that Bank of America does business in Louisiana. But even if these cursory allegations could be construed as alleging a "substantial, continuous, and systematic course of business," such factual allegations do not give rise to general jurisdiction. *See Daimler*, 134 S. Ct. at 761-62. Plaintiffs have simply failed to allege facts that, taken as true, establish a prima facie case that Bank of America has contacts with Louisiana so continuous and systematic as to render it essentially at home in Louisiana. *See id.*; *see also U.S. Bank Nat'l Ass'n v. Bank of America, N.A.*, No. 11-1492, 2015 WL 5971126, at *8 (S.D. Ind. Oct. 14, 2015) (finding no general jurisdiction over Bank of America in Indiana despite its "substantial financial dealings in Indiana"). Establishing general jurisdiction over a foreign corporation elsewhere than its place of incorporation or principal place of business is "incredibly difficult" and plaintiffs' makeweight allegations do not clear that hurdle.

Because the lack of personal jurisdiction over Bank of America is a sufficient and appropriate basis to dismiss this matter without prejudice, the Court does not reach any other issues raised in

---

[15]R. Doc. No. 25, at 1.

Bank of America's motion to dismiss.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** on the basis of lack of personal jurisdiction and plaintiffs' claims in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, March 21, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**